UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMY ROSE INGRAM BONNING,<br><br>                Plaintiff,<br><br>     v.<br><br>IDAHO STATE POLICE DEPARTMENT; BRAD LITTLE; BRANDON WOLF; PHIL MCGRANE; ASHLEY DOWELL; JOSH TEWALT; TERESA JONES; DAVE JESPEN; ALEX ADAMS; STEVEN BARTLETT; MATTHEW CLIFFORD; STEVEN HIPPLER; ADA COUNTY COMMISSIONERS DEPARTMENT; ADA COUNTY JAIL INVESTIGATOR DEPUTY HANSON; JAN BENNITS; JOSH HURWIT; and RYAN O'NIEL,<br><br>                Defendants. | Case No. 1:25-cv-00002-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

      The Clerk of Court conditionally filed Plaintiff Amy Rose Ingram Bonning's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

      Having reviewed the record, the Court concludes that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

1.     **Standards of Law for Screening Complaints**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Moreover, even if a complaint meets the pleading requirements, dismissal under §§ 1915 and 1915A is still appropriate if an affirmative defense is an "obvious bar to securing relief on the face of the complaint." *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

**2.    Factual Allegations**

Plaintiff is an inmate in the Ada County Jail. Because Plaintiff's Complaint contains no dates, and names as defendants current and former county, state, and federal officials, it is unclear from the Complaint whether Plaintiff was in county, state, or federal custody at the time her claims arose.

Plaintiff states she has been raped multiple times while in custody and that her custodians failed to protect her from those assaults. (*Compl.*, Dkt. 3, at 4, 6). Plaintiff alleges Defendants have not accurately reported sexual assault data as required by the Prison Rape Elimination Act, 34 U.S.C. § 30302 *et seq.* ("PREA"). (*Compl.*, Dkt 3, at 4, 6). Plaintiff also contends Defendants' actions constitute illegal activity by an organized criminal enterprise under Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.* (*Compl.*, Dkt. 3, at 2, 4). Finally, Plaintiff claims Defendants' actions violated federal and state criminal statutes. (*Id.* at 1, 7).

**3.    Discussion**

The Complaint fails to link any particular Defendant to any particular action and does not state a claim upon which relief may be granted. The Court will, however, grant Plaintiff twenty-eight days to amend the Complaint. Any amended complaint should take into consideration the following.

*A.    Section 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. (*Compl.* at 1). To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an affirmative act, participates

in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

That is, prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045. Personal liability under § 1983 "cannot be based on prison conditions beyond the control of a defendant." *Pinto v. Nettleship*, 737 F.2d 130, 133 (1st Cir. 1984).

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in conduct showing "a reckless or callous indifference to the rights of others." *Id*. at 1205-09 (internal quotation marks omitted).

A claim that a supervisor or training official failed to adequately train subordinates ordinarily requires that, "in light of the duties assigned to specific officers or employees[,] the need for more or different training [was] so obvious, and the inadequacy so likely to result in the

violation of constitutional rights, that the [supervisor or training official] can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). That is, to maintain a failure-to-train claim, a plaintiff must allege facts showing a "pattern of violations" that amounts to deliberate indifference. *Connick v. Thompson*, 563 U.S. 51, 72 (2011).

Likewise, "a failure to supervise that is sufficiently inadequate may amount to deliberate indifference" that supports a § 1983 claim, but there generally must be a pattern of violations sufficient to render the need for further supervision obvious. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks omitted). That is, if a supervisory or training official had "knowledge of the unconstitutional conditions" through such a pattern of violations—including knowledge of the "culpable actions of his subordinates"—yet failed to act to remedy those conditions, that official can be said to have acquiesced "in the unconstitutional conduct of his subordinates" such that a causal connection between the supervisor and the constitutional violation is plausible. *Starr*, 652 F.3d at 1208.

To bring a § 1983 claim against a local governmental entity such as Ada County, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the requisite elements of a § 1983 claim against such an entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). An entity also "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority" or when "such an official ratified a subordinate's unconstitutional

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

decision or action and the basis for it." *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

Plaintiff claims that unidentified Defendants violated the Eighth Amendment by failing to protect her from sexual assault while she was in prison. (*Compl*. at 2, 4). That amendment protects prisoners against cruel and unusual punishment and guarantees the right to minimally adequate conditions of confinement. "[T]he Constitution does not mandate comfortable prisons . . . ." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). However, though prison conditions may be restrictive—even harsh—without violating the Eighth Amendment, prison officials are required to provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Id.* at 347; *Hoptowit v. Ray,* 682 F.2d 1237, 1246 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

To state a claim under the Eighth Amendment, a prisoner must show that he is (or was) "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of the defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). An Eighth Amendment claim requires the plaintiff to satisfy both (1) an objective standard, "that the deprivation was serious enough to constitute cruel and unusual punishment," and (2) a subjective standard, that the defendant acted with "deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

As for the objective prong of the analysis, "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Rather, the deprivation alleged must be objectively sufficiently harmful or, in other words, sufficiently "grave" or "serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see Whitley*, 475 U.S. at 319 ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.") (internal quotation marks and alteration omitted).

With respect to the subjective prong of an Eighth Amendment violation, "deliberate indifference entails something more than mere negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." *Whitley*, 475 U.S. at 319.

To exhibit deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002), *overruled on other grounds by Castro*, 833 F.3d 1060. Moreover, even prison officials who *did* actually know of a substantial risk to inmate health or safety will not be liable under § 1983 "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

If an inmate faces a "threat of serious harm or injury" from another inmate, prison officials who act with deliberate indifference to that threat are subject to liability under § 1983. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986); *see also Farmer*, 511 U.S. at 833 ("Having incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course.") (internal citation and alterations omitted). Deliberate indifference in the context of a failure-to-protect claim does not require that a prison official knew the plaintiff "was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Farmer*, 511 U.S. at 843. However, the deliberate indifference standard *does* mean that even an obvious and substantial risk of assault by one inmate against another does not result in liability so long as the defendant official was not subjectively aware of that risk. *Id.* at 844.

The Complaint does not plausibly allege that any Defendant knew Plaintiff was at a substantial risk of assault yet deliberately disregarded that risk. The Complaint does not indicate

which Defendants were aware of any facts suggesting Plaintiff was in danger of attack. Accordingly, the Complaint fails to state a claim upon which relief may be granted under § 1983.

### B.   PREA Claims

Plaintiff claims that unidentified Defendants fraudulently failed to report sexual assaults, violating PREA. PREA "was enacted to address the problem of rape in prison by creating and applying national standards to prevent, detect, and respond to prison rape, and by ensuring compliance of state and federal prisons by conditioning eligibility for federal grant money on compliance with the standards." *Barber v. Cox*, No. 1:17-CV-00318-BLW, 2019 WL 454090, at *1 n.1 (D. Idaho Feb. 5, 2019) (unpublished).

However, PREA does not provide a private right of action enforceable by individual prisoners. *Id.*; *see also Krieg v. Steele*, 599 F. App'x 231, 232 (5th Cir. April 15, 2015) (per curiam) (unpublished) (collecting cases); *Hill v. Hickman Cnty. Jail*, 2015 WL 5009301, at *3 (M.D. Tenn. August 21, 2015) (unpublished) (dismissing PREA claim for lack of private right of action); *Montgomery v. Harper*, 2014 WL 4104163, at *3 (W.D. Ky. Aug. 19, 2014) (unpublished) ("[T]his Court concludes that the PREA creates no private right of action."); *Holloway v. Dep't of Corr.*, 2013 WL 628648, at *2 (D. Conn. Feb. 20, 2013) ("There is nothing in the PREA that suggests that Congress intended it to create a private right of action for inmates to sue prison officials for non-compliance of the Act."). Therefore, Plaintiff's PREA claims are implausible and should be omitted from any amended complaint.

### C.   RICO Claims

Plaintiff also cites the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*. RICO provides as follows:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate,

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

>directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). RICO does not abrogate a state's sovereign immunity, *see Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988), and governmental entities are not subject to suit under RICO because they "are incapable of forming a malicious intent," *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 404 (9th Cir. 1991).

A finding of liability under § 1962(c) requires "(1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987) (citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). A pattern of racketeering requires proof of two or more predicate acts of racketeering that are related and that are in furtherance of a single criminal scheme. *Id.* at 193. A list of racketeering acts upon which a RICO action must be based is set forth in 18 U.S.C. § 1961.

Subsection 1961(1)(A) defines a racketeering activity as "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance." Additionally, subsection 1961(1)(B) describes a racketeering activity as any act indictable as a crime under certain provisions of Title 18 of the United States Code. The remaining subsections of § 1961(1) identify other types of racketeering activities, such as bankruptcy or securities fraud and embezzlement from unions.

Plaintiff's allegations fail to show that Defendants engaged in the predicate acts of racketeering required for a RICO violation. The Complaint does not plausibly allege Defendants committed any of the acts described in § 1961(1). Defendants' alleged failure to protect Plaintiff is not a predicate act of racketeering because "[c]ivil rights violations . . . do not fall within the statutory definition of 'racketeering activity.'" *Bowen v. Oistead*, 125 F.3d 800, 806 (9th Cir. 1997). Nor do Plaintiff's bare accusations of fraudulent PREA reporting remotely suggest

Defendants committed a crime listed in § 1961(1). Thus, Plaintiff's RICO claims are implausible. Finally, Plaintiff has failed to link any Defendant to any alleged racketeering activity.

### D.     *Claims under Criminal Statutes*

Plaintiff also asserts claims under federal and state criminal statutes. (*See Compl*. at 1, 7). Because it is well established that federal criminal states do not give rise to civil liability, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980), Plaintiff's claims based on federal criminal statutes are implausible.

As for Plaintiff's state criminal claims, the Court lacks jurisdiction to hear state criminal matters. Additionally, it does not appear that a private right of action is authorized under any of the state criminal statutes cited by Plaintiff.

In *Yoakum v. Hartford Fire Ins. Co.*, the Idaho Supreme Court considered whether an implied private right of action existed under a state criminal statute. 923 P.2d 416, 421 (Idaho 1996). The court held that it did not, basing its decision on the following factors: (1) the statute was enacted to protect the general public, (2) there was no indication that the legislature intended to create a private cause of action, (3) the statute provided for a criminal punishment, and (4) there was no indication that providing an additional civil remedy was necessary to assure the effectiveness of the statute. *Id*. The *Yoakum* court noted that "in the absence of strong indicia of a contrary legislative intent, courts must conclude that the legislature provided precisely the remedies it considered appropriate." *Id*. (relying on *Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers*, 453 U.S. 1, 15 (1981).

The factors identified in *Yoakum* apply equally to the state criminal statutes cited by Plaintiff. Therefore, Plaintiff's claims based on those statutes are implausible.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 11

### 4. Standards for Amended Complaint

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson*, 588 F.2d at 743. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

In simplified terms, for each defendant, Plaintiff must include in the amended complaint, the "who, what, when, where, why, and how" of each allegedly wrongful act that each defendant committed. A pleading is more understandable if it is organized by claim for relief and defendant, rather than asserting a broad set of facts in a pleading that are unrelated to a list of defendants elsewhere in the pleading.

For each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 12

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within twenty-eight days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

**ORDER**

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has twenty-eight (28) days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[1]

2. If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon which relief may be granted, failure to prosecute, or failure to comply with a Court order. *See* 28 U.S.C. §§ 1915 and 1915A; Fed. R. Civ. P. 41(b).

3. Because an amended complaint is required for Plaintiff to proceed, Plaintiff's Emergency Motion for Appointment of Counsel (Dkt. 7) is **DENIED** without prejudice. Plaintiff may renew the motion if she files an amended complaint.

4. Because an amended complaint is required for Plaintiff to proceed, Plaintiff's Emergency Motion for Injunction (Dkt. 8) is **DENIED AS MOOT**.



DATED: April 7, 2025

_____
Amanda K. Brailsford
U.S. District Court Judge

---

[1] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).