UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMY ROSE INGRAM BONNING,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JOSH TEWALT, Director of IDOC;<br>TERESA JONES, PREA Coordinator;<br>UNNAMED DIRECTOR OF WADDA<br>FARMS; and THREE UNNAMED<br>WADDA FARMS EMPLOYEES,<br><br>　　　　　　Defendants. | Case No. 1:25-cv-00002-AKB<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

　　　　Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 9. Plaintiff has now filed an Amended Complaint. Dkt. 11. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

1.　　**Request for Appointment of Counsel**

　　　　Plaintiff seeks appointment of counsel. *Am. Compl*. at 9. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Whether a court appoints

counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL, 2017 WL 10777693, at *2 (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono.").

The legal issues in this matter are not complex, and Plaintiff has been able to file documents with the Court and protect Plaintiff's interests to date. In addition, as explained below, the Amended Complaint fails to state a claim upon which relief may be granted; therefore, Plaintiff does not have a likelihood of success on the merits. Accordingly, the Court will deny Plaintiff's request for appointment of counsel.

2.  **Screening Requirement and Pleading Standard**

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

3. **Factual Allegations**

Plaintiff states that at the time of the events giving rise to her claims, she was both a convicted prisoner in IDOC custody and a pretrial detainee in the custody of Ada County. Plaintiff alleges that in June 2024, she was on an IDOC inmate work crew at Wadda Farms, a private entity that contracted with the IDOC for inmates to work on the farm. While Plaintiff was working at the farm, three unidentified Wadda Farms employees lured Plaintiff into a bathroom and locked the door. The employees held the door closed, held Plaintiff down, and raped her. Dkt. 11 at 2. There was an "IDOC employee/guard" in the area who was in charge of supervising the work crew, but Plaintiff states that the guard was "no where in proximity" to the bathroom and "failed to stop the assaults." *Id*.

**4.     Discussion**

   **A.     *Section 1983 Claims***

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Because Plaintiff was on an IDOC work crew at the time of the events giving rise to her claims, the Court must analyze her claims under the Eighth Amendment, which protects prisoners against cruel and unusual punishment. A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

   i.     <u>Claims Against Director Tewalt and PREA Coordinator Jones</u>

Plaintiff's Amended Complaint states that Plaintiff notified Defendants Tewalt and Jones of a risk of sexual assault but contains no specific details about any such notifications. Though it appears Plaintiff did report to prison officials the assault by the three Wadda Farms employees, there is nothing in the Amended Complaint to suggest that either Tewalt or Jones knew of a substantial risk of sexual assault against Plaintiff *before* the attack. Plaintiff alleges that inmate

work crews are naturally subjected to danger and that sexual assault against prisoners is a nationwide problem, but Plaintiff does not plausibly allege that the prison official Defendants actually knew of the risk of sexual assault at the work detail and yet deliberately disregarded that risk. Accordingly, the Amended Complaint fails to state a plausible Eighth Amendment claim against these two Defendants.

>               ii.      Claims Against the Unnamed Director of Wadda Farms and Three Unnamed Wadda Farms Employees

As set forth above, § 1983 provides for liability for constitutional violations by a person acting *under color of state law*. This "state action" requirement means that § 1983 does not provide a remedy for purely private conduct, "no matter how unfair that conduct may be." *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988). A private party can be subject to suit under § 1983 for violating a plaintiff's civil rights only in narrow circumstances: "state action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks omitted).

The Supreme Court has identified several contexts in which a private party can be considered a state actor for purposes of a civil rights action. *Id.* at 296. These include the following situations: (1) the private party's action results from the state's "exercise of coercive power" or "significant encouragement"; (2) the private party participates in "joint activity" with the state; (3) the private party is "controlled by an agency of the State"; (4) the private party "has been delegated a public function by the State"; and (5) the private party is "entwined with governmental policies," or "the government is entwined in [the private party's] management or control." *Id.* (internal quotation marks omitted). A private party "may be designated a state actor for some

purposes but still function as a private actor in other respects." *Caviness v. Horizon Community Learning Ctr.*, 590 F.3d 806, 814 (9th Cir. 2010).

The only context potentially implicated by the allegations in the Amended Complaint is the public function context. To constitute state action, however, the function delegated to the private party cannot be just any function. Rather, "[t]he public function test is satisfied only on a showing that the function at issue is both traditionally and exclusively governmental." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 924 (9th Cir. 2011) (internal quotation marks omitted). For example, in *West v. Atkins*, the Supreme Court found state action on the part of a private physician providing medical treatment to prisoners because (1) "the State bore an affirmative obligation to provide adequate medical care" to prisoners; (2) "the State delegated that function" to the physician; and (3) the physician "voluntarily assumed that obligation by contract." 487 U.S. 42, 56 (1988).

Unlike providing medical care to incarcerated individuals, maintaining a workplace and employing people is not a function that is traditionally and exclusively governmental. *See Florer*, 639 F.3d at 924. Thus, the Amended Complaint does not permit a reasonable inference that Wadda Farms, its director, or Wadda Farms employees are state actors "such that any action taken by [them] is 'fairly attributable' to a public entity." *Venegas v. Bianco*, 2019 WL 10301094, at *9 (C.D. Cal. Aug. 26, 2019) (holding that an employee of Keefe Commissary Network was not a state actor) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 840-43 (1982)).

The Amended Complaint does not support a reasonable inference that the IDOC delegated to Wadda Farms its responsibility to protect inmates from attack. Wadda Farms's contract with IDOC was to provide employment for state inmates; it was *not* to ensure the safety of those

inmates. That obligation remained with IDOC. Accordingly, Plaintiff's claims against the unnamed Defendants are implausible.

   **B.** *PREA Claims*

Plaintiff also asserts claims under the Prison Rape Elimination Act, 34 U.S.C. § 30302, *et seq*. ("PREA"). *Am. Compl*. at 1 (citing 34 U.S.C. § 30301 and former 42 U.S.C. § 15602 (which was transferred to 34 U.S.C. § 30302)). As this Court has already explained, however, the PREA does not provide a private right of action enforceable by individual prisoners. *See Initial Review Order* at 9; *Barber v. Cox*, No. 1:17-CV-00318-BLW, 2019 WL 454090, at *1 n.1 (D. Idaho Feb. 5, 2019) (unpublished).

Accordingly, Plaintiff's PREA claims are implausible and must be dismissed.

**5.** **Conclusion**

For the foregoing reasons, the Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted. Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint with prejudice and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion to Review the Amended Complaint (Dkt. 10) is **GRANTED**.

2. The Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 9), this entire case is **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: August 7, 2025

_Amanda K. Brailsford_
Amanda K. Brailsford
U.S. District Court Judge